UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY T. KEISTER,** | ) | Case No. 5:07 CV 0808 |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **MICHELLE EBERLIN, WARDEN**, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Larry T. Keister was convicted on April 14, 2003 in the Stark County Court of Common Pleas on two counts of statutory rape of a child following the court's acceptance of his guilty pleas. He was sentenced to prison terms of 10 years on each count to be served concurrently. Keister engaged in numerous state court remedies before filing a petition for writ of habeas corpus by a prisoner in state custody under 28 U.S.C. §2254 on March 19, 2007 with a protected file date of March 2, 2007 under the mailbox rule of *Houston v. Lack*. See *Id*., 471 U.S. 266, 274 (1988) (petition deemed filed with the Clerk of Court on the date it was presented to prison officials for

2

mailing).[1] In this petition Keister raises three grounds for relief. [2] Respondent, though, maintains that Keister has waived review of the merits of his three grounds by untimely filing.

Respondent argues that the March 2007 habeas petition is untimely because a habeas corpus attack of a conviction in the state courts must be filed within one year after the conviction becomes

---

[1] Numerically, this is Keister's second habeas petition. His prior petition in Case No. 5:06 CV 1424 was dismissed without prejudice by the Honorable Judge Patricia A. Gaughan for failure to exhaust state remedies. (See Keister's Ex. H to petition, Judgment Entry 8/11/06, ECF #3, 5:06 CV 1424).

[2] I.  PETITIONER SUFFERS A SUBSTANTIAL TRANSGRESSION UPON HIS INALIENABLE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL THAT NOW SUBJECTS HIS GUILTY PLEA CONVICTIONS TO VOIDNESS.

II. PETITIONER WAS PREJUDICIALLY AND ARBITRARILY DENIED RELIEF FROM JUDGMENT DENYING POST-CONVICTION RELIEF.

III. PETITIONER'S CURRENT SENTENCE VIOLATES SIXTH AMENDMENT PRINCIPLES ESTABLISHED IN *APPRENDI V. NEW JERSEY* (2000), 530 U.S. 466, 120 S.Ct. 2348.

5:07 CV 0808                                            3

"final" pursuant to 28 U.S.C. §2244(d)(1)(A). ³ Under §2244(d)(1)(A) the "1-year period of limitation" begins to run at the conclusion of direct review.

The calculation for this "1-year period" commences with Thursday, April 17, 2003, when Keister's conviction and sentence were journalized. Keister did not seek a timely direct appeal within 30 days as required by Ohio R. App. 4(A). That 30-day period expired on Saturday, May 17, 2003, and since the 30-day period expired on a weekend, Keister had through Monday, May 19, 2003 to file a timely direct appeal. Thus, the period of limitations began running on May 20, 2003, "the expiration of the time for seeking [direct] review," and ran 57 days until Tuesday, July 15, 2003 when Keister filed his motion to withdraw guilty plea pursuant to Ohio Crim. P. 32.1. Nearly six

---

³ 28 U.S.C. §2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5:07 CV 0808                                                  4

months later on January 29, 2004, the trial court denied the motion to withdraw plea simultaneously with Keister's October 9, 2003 petition for post-conviction relief (Respondent's Ex. 8-10). Keister on March 5, 2004 took an untimely appeal only from the denial of his post-conviction petition.[4] The State moved to dismiss for untimeliness and the state appellate court agreed (Respondent's Ex. 12, 13, 14).

The undersigned notes that there is some question over whether an Ohio R. Crim. P. 32.1 motion to withdraw plea is part of the direct appeal or a collateral matter, which could potentially affect the calculation.  This court has resolved the dispute finding that a motion to withdraw guilty plea under Ohio R. Crim. P. 32.1 is a matter of post-conviction or collateral review, which is included in the time calculation under §2244(d)(2).  *Goodballet v. Mack*, 266 F.Supp.2d 702, 707 (N.D. Ohio 2003).  In Keister's situation it is unnecessary to delve further into this issue because even assuming that his motion to withdraw guilty plea affected the calculation under §2244(d)(1)(A) as part of the direct appeal, time would be tolled only to March 1, 2004, 30 days for the unexercised appeal under Ohio R. App. P. 4 and for allowing for the final weekend in February 2004. Calculating tolling under this assumption would only add back 57 days between the time the "1-year period" commenced to run until the Rule 32.1 motion was filed.  The net effect is inconsequential.

---

[4] Respondent's Ex. 11, the notice of appeal does not indicate what matter was appealed.  However, the State stated in its motion to dismiss that "Keister has not appeal (sic) to the trial court's ruling on his Crim. R. 32.1 motion" (Respondent's Ex. 12).  Further in the recapitulation of Keister's state court proceedings in *State v. Keister*, 2006 WL 2474336, 2006 - Ohio - 4440 (Ohio App. 5th Dist. Aug. 28, 2006), the state appellate court also stated the March 5, 2004 appeal was from the denial of post-conviction petition to vacate or set aside sentence.  *Id.*. at ¶5.

5:07 CV 0808                                           5

The appeal from the denial of post-conviction relief was a collateral matter pursuant to §2244(d)(2), and consequently required to be "properly filed." See *Keenan v. Bagley*, 400 F.3d 417, 419-20 (6th Cir. 2005). "[A]n application is '*properly*' filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe for example the form of document, the time limits upon its delivery, the court and office in which it must be lodged and the requisite fee.(footnote omitted)" *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). Hence because the appeal was untimely, hence not "properly filed," it did not toll the running of the "1-year limitation."

Keister subsequently on June 12, 2004, filed a motion for leave to appeal the conviction seeking delayed appeal under Ohio App. R. 5(A). ( Respondent's Ex. 15, 16). The State responded that the motion for leave did not comply with the rule's technical requirements, and on July 7, 2004 the state appellate court agreed and denied the motion for delayed appeal for its "failure to comply with App. R. 5(A). Motions for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. §2244(d)(2) but are not part of the direct appeal process for purposes of 28 U.S.C. §2244(d). See *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). Accordingly these final state proceedings conducted in 2004 did not toll the statute of limitations as respondent correctly asserts due to failure to follow the format requirements, it was not "properly filed."

Thereafter, commencing in February 2006, Keister filed an amended motion for post-conviction relief under Ohio Revised Code §2953.21, a successive or delayed petition for post-

5:07 CV 0808                                6

conviction relief and another motion for delayed direct appeal. Once the "1-year period" has run, it cannot be restarted or retriggered by subsequent state court proceedings. See *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (Ohio R. App. P. 26(B)); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (delayed appeal under Ohio R. App. P. 5(A)); *Bronaugh v. Ohio*, 235 F.3d 280, 286-87 (6th Cir. 2001) (Ohio App. R. 26(B)). Since the time limitation had previously expired, these subsequent collateral proceedings are inconsequential. Accordingly, the "1-year period" recommended running on January 30, 2004, the day after the trial court denied the October 2003 post-conviction petition, and continued to run another 308 days through December 3, 2004. [5]

Keister argues apparently with reference to his February 22, 2006 amended post-conviction relief petition (Respondent's Ex. 21), that he is properly before the federal district court because he has exhausted his state remedies and he further argues that the statute of limitations was equitably tolled during post-conviction relief. [6] There is no reason to dispute this assertion and because this court has jurisdiction, it can address and resolve the question of waiver due to untimely filing.

However, before addressing Keister's assertion that he is entitled to equitable tolling, respondent raises the issue that Keister's second ground should not be deemed to stay the commencement of the "1-year period" under §2244(d)(1)(D) because with actual predicate for

---

[5] Or through April 2005 under an assumption that the Ohio R. Crim. 32.1 motion is part of the direct appeal.

[6] In the amended petition for post-conviction relief, Keister makes substantially the same claim as he raised in his first ground in his federal petition, i.e. that he suffered a substantial transgression upon his inalienable right to effective assistance of counsel that renders his guilty pleas and convictions void.

5:07 CV 0808                          7

ground two could not have been discovered until the trial court denied Keister's collateral motion for relief from judgment pursuant to Ohio R. Civ. P. 60(B). Keister's second ground that, "petitioner was prejudiciously and arbitrarily denied relief from judgment denying post-conviction relief" challenges the state procedural mechanism contending it failed with respect to the decision on his amended post-conviction relief petition and Rule 60(B) motion for relief from judgment in *State v. Keister*, 2006 WL 2474336, 2006 - Ohio - 4440 (Ohio App. 5 Dist. Aug. 28, 2006). There, the state appellate court found that the petition for post-conviction relief was untimely and that the State Rule 60(B) had no application to a criminal case. *Id.* Respondent argues that Keister did not receive the benefit of late start under §2244(d)(1)(D) because he is not alone demonstrated due diligence in obtaining the trial court judgment denying relief under Rule 60(B).

     The undersigned finds that §2244(d)(1)(D) cannot possibly apply here because there is no "claim or claims presented." Before addressing whether delay was due to discovery of a factual predicate it is necessary to have a "claim or claims." It is a well-established doctrine that, "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Sanchez-Llamas v. Oregon*, - U.S. -, 126 S.Ct. 2669, 2679, 165 L.Ed.2d 557 (2006). The essence of habeas corpus is an attack by a person in custody upon the legality of that custody; the traditional function of the writ is to secure release from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). An application for federal habeas corpus relief under 28 U.S.C. §2254 must directly dispute the fact or duration of confinement. *Id.*, at 500; *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1996). The "fact or

5:07 CV 0808                                                                  8

duration" of physical confinement is at the core of federal habeas corpus. *Preiser*, 411 U.S. at 489-90. The second ground, which challenges the state procedural mechanism, does not serve as a constitutionally-based challenge to either Keister's convictions or sentence, and does not stand as a ground for habeas relief for that reason. Keister's second ground for relief is not cognizable under 28 U.S.C. §2254 because it does not dispute the detention itself, and therefore does not present "claim or claims." There is no need to consider whether to consider a stay under §2244(d)(1)(D) because there is no cognizable claim presented.

*Equitable Tolling:*

Finally there is the issue of equitable tolling. Equitable tolling requires the Court to consider several factors in assessing the reasonableness of a petitioner's ignorance of the requirement of timely filing. See *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (92001); *Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 200 (2004). "[T]he doctrine of equitable tolling allows a federal court to toll a statute of limitations when, 'a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005), quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). [7] Keister, though, bears the burden of establishing

---

[7] In determining whether to allow equitable tolling, the Court must consider the *Andrews* factors: petitioner's lack of notice of the filing requirement; petitioner's lack of constructive knowledge of the filing requirement; diligence in pursuing one's rights; absence of prejudice to the Respondent and the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. *Dunlap*, 250 F.3d at 1008, citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). However, "this list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d at 605; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 200 (2004).

5:07 CV 0808                                                        9

entitlement. See *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002); *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Keenan*, 400 F.3d at 420.

Keister has not shown: that he was unaware of §2244(d)'s limitation period; that his ignorance of the legal requirement to file his claim was reasonable; or that he was diligent in allowing years to lapse. See *Dixon v. Ohio*, 81 Fed. Appx. 851 (6th Cir. 2003) (petitioner's lack of counsel and 1 month placement in solitary confinement did not excuse lack of diligence in pursuing his claims); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003) (inmate's lack of legal training, poor education and even illiteracy does not provide reason to toll the statute of limitations). Consequently, his claims do not excuse this untimely petition. Although respondent has not been prejudiced by the delay, "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Vroman*, 346 F.3d at 605; *Allen*, 366 F.3d at 404. Given that Keister has not established any factor that might justify tolling, lack of prejudice is not a consideration.

Finally, however, there is the question of whether Keister is an innocent. The Sixth Circuit has determined in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), as an issue of first impression, that a credible claim of actual innocence will equitably toll the §2244(d) limitations period. *Id.*, at 508-596. None of Keister's arguments, however, demonstrate actual innocence. Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

5:07 CV 0808                                                                 10

The undersigned does note that in Keister's amended petition for post-conviction relief (Respondent's Ex. 21), Keister submitted several written testimonials from acquaintances stating essentially that the child's allegations were not true (these testimonials are stamped by Cheryl Keister as notary public). The least helpful of these testimonials was one from the stepmother which concludes that "[the child] is smart and she knows how to get back at someone if they piss her off or she cannot get her way." These testimonials that it was out-of-character for Keister to rape the child and claims from the stepmother that the child has a vindictive nature certainly do not exonerate Keister to constitute evidence of "actual innocence." The testimonial that matters occurred when Keister entered the courtroom to publicly confess to the two charges of child rape with counsel at his side. Keister is not entitled to equitable tolling to excuse untimely filing.

*Effect of Prior §2254 Petition:*

Keister clearly stated in his initial brief that this is his second §2254 petition and that the prior petition was deemed premature. (Brief at 2, ECF #1). Respondent, though, claims to the best of her knowledge that Keister had not previously filed any other federal petition pertaining to the challenged conviction (Return at 11, ECF #8).

Keister did file a prior petition in *Keister v. Eberlin*, Case No. 5:06 CV 1424. The question here is not tolling, that issue was put to test in *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 281 (2001), which held that a §2254 petition is not an "application for state post-conviction or other collateral review." The concern is whether Keister is entitled to "equitable tolling."

5:07 CV 0808                                                                  11

The Sixth Circuit addressed the inequity arising from *Duncan,* deferring to Justice Stevens' concurring opinion in *Duncan,* to determine that the federal habeas petition could nonetheless provide a basis for *equitable* tolling. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002); in *Griffin v. Rogers*, 308 F.3d 647 (6th Cir. 2002). [8] The prior §2254 petition does not provide a basis for equitable tolling. Keister's prior petition was signed and dated May 15, 2006. (Petition, ECF #1 5:06 CV 1424). The "1-year period" of §2244(d)(1) had expired by December 3, 2004 under Respondent's calculation, and by April 2005 construing Ohio R. Crim. P. 32.1 as a part of the direct appeal.

### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons, this petition filed under 28 U.S.C. §2254 should be dismissed due to untimeliness pursuant to 28 U.S.C. §2244(d).

                                                     s/James S. Gallas
                                                United States Magistrate Judge

---

[8] The Sixth Circuit had established a form of "mandatory equitable tolling," which did not allow judicial discretion in deciding whether to stay a §2254 case. See *Palmer v. Carlton*, 276 F.3d 777, 781-82 (6th Cir. 2002); *Griffin v. Rogers*, 399 F.3d at 633. In an unpublished decision, *Banks v. Jackson*, 149 Fed. Appx. 414 (6th Cir. 2005), however, the panel recognized the conflict between this mandatory rule and the principle from *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), that the "stay-and-abeyance" procedure "should be available only in limited circumstances." *Id.*, 149 Fed. Appx. at 421-22. *Banks* recognized that the district court had discretion, but found that the district court must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice "would unreasonably impair the petitioner's right to obtain federal relief." *Banks*, 149 Fed. Appx. at 422 , citing *Rhines*, 125 S.Ct. at 1535. While not expressly recognizing §2254(b)(2) the decision noted in passing that "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Compare 28 U.S.C. §2254(b)(2) ("an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State"). The availability of federal review notwithstanding for lack of exhaustion was also pointed out by Justice Stevens' concurring opinion in *Duncan v. Walker*, 533 U.S. at 182-83, 121 S.Ct. at 2130 (". . . AEDPA gives the district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims . . .")

5:07 CV 0808                                                         12

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: November 26, 2007