UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                         :
LARRY THOMAS KEISTER,                    :        CASE NO. 5:07-cv-808
                                         :
              Plaintiff,                 :
                                         :
vs.                                      :        OPINION & ORDER
                                         :        [Resolving Docs. No. 1, 12]
MICHELE EBERLIN,                         :
                                         :
              Defendants.                :
                                         :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 19, 2007, Petitioner Keister filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1]. On September 13, 2007, Respondent Eberlin filed a Return of Writ. [Doc. 8]. On March 18, 2007, this Court referred the case to Magistrate Judge James S. Gallas for a Report and Recommendation, pursuant to Local Rule 72.1. [Doc. 3]. On November 26, 2007, Magistrate Judge Gallas issued a report and recommended that the Court deny the Petition for Writ of Habeas Corpus. [Doc. 12]. Magistrate Judge Gallas recommends this case be dismissed as untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). On December 6, 2007, Petitioner Keister filed a timely objection to Magistrate Judge Gallas's report. [Doc. 13].

Upon *de novo* review of the record and the reasons discussed in the Magistrate Judge Gallas's Report and Recommendation, the Court **AMENDS** and **ADOPTS** the findings of the Magistrate Judge. The Court **DENIES** Petitioner's application for writ of habeas corpus.

Case No. 5:07-cv-808
Gwin, J.

## I. Background

In reviewing Petitioner Keister's application for a writ of habeas corpus, the Court examines the timeliness of his petition. On April 14, 2003, Petitioner Keister pled guilty and was convicted in the Stark County, Ohio, Court of Common Pleas. of to two counts of statutory rape of a child. He was sentenced to two concurrent terms of 10 years. The court entered judgment on April 17, 2003. [Doc. 8, Ex. 4]

On July 15, 2003, Petitioner Keister filed a *pro se* motion to withdraw his guilty plea, pursuant to Crim.R. 32.1. [Doc. 8, Ex. 7]. The trial court denied the motion to withdraw plea on January 29, 2004. [Doc. 8, Ex. 8]. There was no further appeal from that decision.

On October 9, 2003, Petitioner Keister filed a delayed petition for post-conviction relief. [Doc. 8, Ex. 9]. The trial court denied the motion on January 29, 2004. [Doc. 8, Ex. 10]. On March 5, 2004, Petitioner Keister filed a notice of appeal in the Stark County Court of Appeals from the judgment of January 29, 2004. [Doc. 8, Ex. 11]. On April 16, 2004, the state appeals court dismissed the appeal as untimely. [Doc. 8, Ex. 13]. Petitioner filed no further appeal from that judgment.

On June 22, 2004, Petitioner Keister filed a motion for leave to appeal the conviction, pursuant to Ohio App.R. 5(A). [Doc. 8, Ex. 15, 16]. The state appeals court denied the motion on July 7, 2004 for "failure to comply with App.R. 5(A)." [Doc. 8, Ex. 18]

On February 22, 2006, Petitioner Keister filed a *pro se* amended petition for post-conviction relief. [Doc. 8, Ex. 21]. He filed a motion for relief from judgment pursuant to Ohio Civ.R. 60(B) from the trial court's judgment of January 29, 2004 denying delayed post-conviction relief on the same date. [Doc. 8, Ex. 22]. On March 3, 2006, the state trial court denied both the petition and the

Case No. 5:07-cv-808
Gwin, J.

motion. [Doc. 8, Ex. 23, 24].  Petitioner Keister filed a notice of appeal from both judgments in the Stark County Court of Appeals on March 27, 2006. [Doc. 8, Ex. 25].  On August 28, 2006, the appellate court affirmed both judgments. [Doc. 8, Ex. 38].  Petitioner appealed this to the Ohio Supreme Court, but the Ohio Supreme Court denied Keister's petition for review. [Doc. 8, Ex. 39, 43]

On March 27, 2006, Petitioner Keister filed another delayed petition for post-conviction relief.  [Doc. 8, Ex. 32].  The trial court denied the petition on April 6, 2006. [Doc. 8, Ex. 34].  The Petitioner did not appeal.

On November 29, 2006, Petitioner Keister filed a notice of appeal and motion for leave to file delayed appeal from the challenged conviction. [Doc. 8, Ex. 35, 36]  On January 12, 2007, the state appellate court denied leave to file the delayed appeal, finding that the Petitioner had failed to demonstrate good cause for his untimeliness in filing a direct appeal. [Doc. 8, Ex. 44].  The Petitioner filed no further appeal.

Petitioner filed the instant petition for writ of habeas corpus by a prisoner in state custody under 28 U.S.C. §2254 on March 19, 2007, with a protected file date of March 2, 2007 under the prison mailbox rule. *See Houston v. Lack*, 471 U.S. 266, 274 (1988)

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

Case No. 5:07-cv-808
Gwin, J.

Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).  *See also Miller v. Francis,* 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of  § 2254(d) in *Williams v. Taylor,* 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller,* 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)).  Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523.  The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones,* 238 F.3d 399, 405 (6th Cir. 2000).

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1).  Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous.  28 U.S.C. § 2254(e)(1).

### III. Analysis

<u>1. The Petition is Time Barred</u>

The Court considers whether Peitioner Keister filed this action within the one-year statute

Case No. 5:07-cv-808
Gwin, J.

of limitations for claims governed by the AEDPA.  Petitioner's conviction became final thirty days after the entry of judgment against him. *Lucas v. Carter*, 46 F. Supp.2d 709, 711 (N.D. Ohio 1999). In this case, the thirty days would end on a weekend, so the official date it became final was the following Monday, May 19, 2003.  The statute began to run on that date and continued to run for 57 days until Tuesday, July 15, 2003 when Keister filed his motion to withdraw guilty plea pursuant to Ohio Crim. P. 32.1.  This Court has found that a motion to withdraw guilty plea under Ohio R. Crim. P. 32.1 is a matter of post-conviction or collateral review, that tolls the statute of limitations under §2244(d)(2). *Goodballet v. Mack*, 266 F.Supp.2d 702, 707 (N.D. Ohio 2003).  The trial court denied this motion and his motion for post-conviction relief on January 29, 2004, and the statute of limitations began to run again on March 1, 2004,[1] 30 days for the unexercised appeal under Ohio R. App. P. 4 and allowing for the final weekend in February 2004.

Petitioner filed his appeal to the state denial of his motions on March 4, 2004.  Petitioner objects to Magistrate Gallas' finding that his appeal was not "properly filed."  An appeal from the denial of post-conviction relief was a collateral matter pursuant to §2244(d)(2), and consequently must be "properly filed." *See Keenan v. Bagley*, 400 F.3d 417, 419-20 (6th Cir. 2005).  Magistrate Gallas found that it was not properly filed and therefore did not toll the statute of limitations.

Petitioner first argues that his October 9, 2003 petition for post-conviction relief was "properly filed."  This argument misses the issue.  Magistrate Gallas found his *appeal* from the denial of that petition was not properly filed.  Under Ohio R. App. P. 4, his time for appeal expired on March 1, 2004.  He filed his appeal on March 5, 2004.

[1] This assumes his Ohio R. 32.1 motion is a part of his direct appeal.  If it is not, the statute would begin running again on January 30, 2004.  As it does not matter to the disposition of this case, the Court will assume it is part of the direct appeal.

-5-

Case No. 5:07-cv-808
Gwin, J.

The Petitioner does not assert any reason for his delay except that he could not foresee or control the trial court's ruling.  Under Ohio law, this is not a valid reason for failure to file a notice of appeal within thirty days.  See Ohio R. App. P. 4.  Petitioner cites *Evans v. Chavis*, 546 U.S. 189 (2006) and argues this case's holding should cause this Court to find his notice of appeal "reasonably" tolled the statue of limitations.  *Evans v. Chavis*, however, discussed California's unique collateral appellate system, where an individual did not file a notice of an appeal, but the appeal itself within a "reasonable" amount of time. *Id.*; *see also Carey v. Saffold*, 536 U.S. 214, 221 (2002).  Petitioner agrees with this Court that he must establish his appeal was pending and that this is governed by state law. [Doc. 13] Whether the appeal is in a "reasonable" amount of time is not the question under Ohio law, like it is in California.  In Ohio, Petitioner must file a notice of appeal within thirty days, not file his actual appeal within a reasonable amount of time, as in California.  Ohio R. App. P. 4.  For that reason, the Petitioner's reasonableness in filing his appeal when he did is not a proper inquiry for this Court.

Petitioner argues that the state appellate court's ruling not to consider the appeal as untimely went against its own jurisprudence.  He cites several cases.  In habeas cases under Section 2254, federal courts "may entertain an application for a writ of habeas corpus only on the ground that the prisoner's confinement violates the Constitution, laws, or treaties of the United States."  See  28 U.S.C. §§ 2241(c)(3), 2254(a) (2000).  A state appellate court's erroneous interpretation of state law is not cognizable in a § 2254 proceeding unless such violations are of constitutional magnitude.  Roe v. Baker, 316 F.3d 557, 563-64 (6th Cir. 2002) (in a death penalty case, an arguably incorrect jury instructions on state law was not cognizable because any resulting prejudice not of constitutional magnitude).  Mistakes involving state law are reviewable only if they created a

Case No. 5:07-cv-808
Gwin, J.

fundamental unfairness that violated the petitioner's Fourteenth Amendment right to due process.

Even if Petitioner's claims that the Ohio court of appeals erred in understanding Ohio law were able to be reviewed, the claims still fail.  None of the cases cited by Keister, considers the rule of timely filing under Ohio R. App. P. 4.  Instead, all of these cases discuss the general merits of collateral review.  Finality is another consideration stated throughout Ohio court's jurisprudence. To that end, Ohio also regularly dismisses cases that are untimely. *See, e.g., State v. Chapman*, 2002 Ohio App. LEXIS 1088,  2002 WL 449665 (March 14, 2004).  Therefore,  the Ohio court's ruling did not go against its own jurisprudence.  Rather, Ohio applied its rule for appellate procedure.  Ohio R. App. P. 4.

Finally, the Court notes that even if this appeal did toll the statute of limitations, it would toll it for an additional 42 days, as this Court finds his time expired over two years before he filed the instant petition, even adding this time would not change the result.

For all these reasons stated above, the pendency of Petitioner's untimely appeal will not toll the statute of limitations.  Therefore, the statute of limitations began running again on March 1, 2004, having already run 57 days.  Petitioner made no other filings that would toll the statute of limitations until February 22, 2006.[2] The statute of limitations expired before this filing, on January 3, 2005.

Once the statute of limitations has run, it cannot be restarted or retriggered by subsequent state court proceedings. *See DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (Ohio R. App. P. 26(B)); *Searcy v. Carter*, 246 F.3d 515, 519 (6th

---

[2]Magistrate Gallas found that Petitioner's June 22, 2004 motion for leave to appeal the conviction was not "properly filed." [Doc. 12]. Petitioner does not object to this finding.  Even if he did and this Court found it was properly filed, which the Court does not, it would only toll the statute an additional 15 days.

Case No. 5:07-cv-808
Gwin, J.

Cir. 2001) (delayed appeal under Ohio R. App. P. 5(A)); *Bronaugh v. Ohio*, 235 F.3d 280, 286-87 (6th Cir. 2001) (Ohio App. R. 26(B)). Therefore, these later proceedings do not change this time computation.

### 2. §2244(d)(1)(D) and Equitable Tolling

Petitioner does not object to Magistrate Gallas's finding that §2244(d)(1)(D) does not apply nor to his finding no basis to equitably toll the statute. Absent objection, a district court may adopt a portion of magistrate's report without review. see *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Moreover, having conducted its own review of the parties' briefs on the issue, this Court agrees with the conclusions of the Magistrate Judge.

### 3. Actual Innocence

The Petitioner argues that the Court should find that the Petitioner has shown that he is actually innocent and this should excuse the delayed filing. *See* 28 U.S.C. § 2244(b)(2)(B)(ii); *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). The Court considers whether there are "new facts [that] raise sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Once the Petitioner has established his actual innocence, "the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Souter*, 395 F.3d at 590 *citing Schlup*, 513 U.S. at 316.

The Petitioner submitted several written statements from acquaintances that essentially said

Case No. 5:07-cv-808
Gwin, J.

that the Petitioner would not rape a child and that the complainant had a tendency to lie. [Doc. 8, Ex. 21]. Neither of these character references are new facts within the meaning of *Schlup*. "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Affidavits from Petitioner's family and friends that Petitioner would not have done this or that the child "knows how to get back at someone" does not qualify as new reliable evidence. *Id.* This is all general character testimony, not evidence about what actually happened on that day. As such, it does not qualify as new reliable evidence, such that it would establish a gateway actual innocence claim. *Id.*

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the Magistrate's report and recommendation and **DISMISSES** Petitioner's application for habeas corpus. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2453(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: December 17, 2007                         s/          *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE